State v. White

STATE OF NORTH CAROLINA v. WILLIS WHITE

No. 7426SC313

(Filed 19 June 1974)

1. Criminal Law § 92— consolidation of misdemeanor and felony charges —two victims

The trial court did not err in the consolidation for trial of a charge of misdemeanor larceny of an automobile from one person and felony charges of kidnapping and rape of a second person where the automobile was stolen an hour before the felonies were committed and was used in the commission of the felonies. G.S. 15-152; G.S. 7A-271(a)(3).

2. Criminal Law § 66— pretrial showup — in-court identification — independent origin

The trial court's determination that an in-court identification of defendant was of independent origin and not tainted by a pretrial showup was supported by the evidence where it tended to show that an automobile stopped within six or seven feet of the witness, that the witness observed defendant sitting on the passenger side for some five or ten seconds, that defendant pointed a gun at the witness, that the witness ran and observed the stature of the passenger who got out of the automobile from a distance of 100 feet, and that the confrontation took place in a well-lighted parking lot.

3. Criminal Law § 66— pretrial identification at automobile — in-court identification — independent origin

Rape and kidnapping victim's in-court identification of defendant was of independent origin and was not tainted by her identification of defendant at the automobile used in the crimes less than one hour after the victim departed the automobile where the victim was in the presence of defendant for an hour and a half during commission of the crimes and had a sufficient opportunity to observe defendant during such time.

**4. Criminal Law § 80— motion to see witness's report — denial**

In a prosecution for kidnapping, rape and automobile larceny, the trial court did not err in the denial of defendant's motion to be allowed to see the report of a witness which had been reduced to writing by the police where the document was not used in the trial, defendant's counsel made no written request for it prior to trial pursuant to G.S. 15-155.4, and the record does not show that the report was material or favorable to the defense.

APPEAL by defendant from *Grist, Judge,* 10 September 1973 Session of Superior Court held in MECKLENBURG County.

This is a criminal action wherein the defendant, Willis White, was charged with the kidnapping and rape of Martha Wortham and misdemeanor larceny of an automobile. The defendant entered pleas of not guilty as to all three charges and after entry of these pleas, the State moved to consolidate the three cases for trial. The motion to consolidate all charges for trial was granted over the objection of the defendant. At trial the State offered evidence which tended to establish the following:

About 8:30 or 9:00 p.m. on 3 June 1973, Martin Davis, Jr., drove his 1962 Pontiac automobile into a drug store parking lot on Remount Road in Charlotte, N. C. As he started to get out of the vehicle, two Negro males, one of whom was armed with a pistol, approached Davis and forced him into the back seat of the automobile. The two men got into the front seat and drove the vehicle away with Davis still in the back seat. Approximately ten minutes later, Davis was able to escape from the two men by jumping from the moving vehicle. Davis did not see his vehicle again until the next morning at the police station.

About 10:15 p.m. on the same evening, Willie L. Bandy and his girl friend, Martha Wortham, were walking across a parking lot at a shopping center on N. C. Highway #16 when a vehicle, later identified as Davis' 1962 Pontiac, came speeding toward them. The vehicle, in which two Negro males were riding, came to a stop near Bandy and Wortham, and the defendant, who was seated on the passenger side, pointed a pistol at them. Upon seeing the pistol, Bandy and Wortham started running; however, the defendant and his accomplice caught the girl and forced her into the car.

The defendant then drove to a dead end road about five miles away and stopped the vehicle. He ordered Wortham to

---

State v. White

---

get in the back seat and had sexual intercourse with her against her will. Defendant then drove the car to another dead end street and again forced the victim to engage in sexual intercourse with him. After the completion of this sexual act, the defendant passed out and the young lady was able to escape. She ran to a nearby house and the police were called. The Charlotte police arrived and questioned her, then left, and located the vehicle which she had described to them. The officers found the defendant asleep or unconscious in the back seat of the car along with the victim's shoes, purse, and some of her clothing. A .22 caliber pistol was found in the front seat.

Evidence offered by the defendant tended to establish that on the day in question, he was playing cards with friends from about 9:30 p.m. until 11:45 p.m. At midnight the defendant left the card game to get some whiskey and as he was crossing a street, a police car came by, something was said, and defendant used profanity toward the officers. Defendant was then knocked unconscious by someone and when he came to he was in the backseat of a police car. A police officer was also in the back seat with him and was beating defendant with a flashlight. Defendant was again knocked unconscious and when he regained consciousness for the second time he was in the back seat of a Pontiac automobile, with one leg outside the car and his hands handcuffed. His pants and underpants were around his ankles. Defendant testified that the police officers were again hitting him and he was placed in a police car. After he was placed in the police car, Officer Walker pulled his head back by the hair and a Negro officer burned defendant with a cigar on his chest. Burn marks were observed in the area of the defendant's throat when he was booked at the jail and he was treated for burns while in custody.

After presentation of the evidence, the jury returned the following verdicts: not guilty of rape; not guilty of larceny of property valued at less than $200.00; guilty of kidnapping. From a judgment that the defendant be imprisoned for a term of not less than twenty-five (25) nor more than forty (40) years, the defendant appealed.

*Attorney General Robert Morgan by Associate Attorney General Richard F. Kane for the State.*

*John B. Whitley for the defendant appellant.*

HEDRICK, Judge.

[1]   Defendant's first three assignments of error serve, in essence, only to raise one question: Did the trial court commit error in granting the State's motion, over defendant's objection, to consolidate for trial the charges of kidnapping, rape, and misdemeanor larceny? Defendant contends that it was improper to consolidate the misdemeanor larceny with the kidnapping and rape offenses, while the State submits that the trial judge, acting pursuant to G.S. 15-152, was correct in granting the motion for consolidation.

G.S. 15-152 provides in pertinent part as follows:

"When there are several charges against any person for the same act or transaction or *for two or more acts or transactions connected together,* or for two or more transactions of the same class of crimes or offenses, which may be properly joined, instead of several indictments, the whole may be joined in one indictment in separate counts; * * * ." (Emphasis added.)

Defendant's contention that it was improper to consolidate a warrant charging misdemeanor larceny with the felonies of rape and kidnapping is resolved by making a reference to *State v. Barbour,* 278 N.C. 449, 180 S.E. 2d 115 (1971), cert. denied 404 U.S. 1023 (1972). In that case, consolidation of a warrant charging a misdemeanor and a felony was allowed and the court stated: "It is noted that the Superior Court has jurisdiction to try a misdemeanor which may be properly consolidated for trial with a felony under G.S. 15-152. G.S. 7A-271(a) (3)." Thus we must consider only whether the acts or transactions are so connected together in time and circumstances as to merit consolidation. The evidence introduced by the State tends to show that Martin Davis' 1962 Pontiac was stolen by two Negro males as late as 9:00 p.m. on 3 June 1973. Approximately an hour later this same car approached Martha Wortham and Willie Bandy in a parking lot. These two witnesses testified that there were two Negro males in the car, one of whom was the present defendant. The two men forced Martha Wortham into the car, and the defendant subsequently raped her twice in the back seat of the car. Clearly, the three offenses were connected by time (approximately one hour) and circumstances (the presence of the car) and obviously constitute a continuing criminal episode. See, *State v. Jarrette,* 284 N.C. 625, 202 S.E. 2d 721 (1974). More-

State v. White

over, it is important to note that the defendant was found not guilty of the misdemeanor larceny charge. Notwithstanding this fact, the defendant maintains that he was still prejudiced by the consolidation of the charges, contending that he never would have been convicted of kidnapping without such consolidation. This argument is founded upon nothing more than mere speculation and has no merit.

Defendant's fourth and fifth assignments of error are directed to the in-court identification of the defendant made by witnesses Bandy and Wortham. Defendant contends their testimony was tainted by impermissible pre-trial identification procedures. Prior to admitting the challenged testimony, the trial court, adhering to the accepted practice, conducted a voir dire hearing and made findings which are discussed below.

[2]   With regard to witness Bandy, the trial court found as a fact that an automobile came to a stop within six or seven feet of the witness and that defendant pointed a gun at the witness; that the witness observed the defendant White sitting on the passenger side of the vehicle for some five or ten seconds; that this confrontation took place in a well-lighted parking lot; that the witness ran, and "that the witness saw the individual who was seated in the right-hand front seat of the automobile get out of the car, observed his stature and form from a distance which he characterized as being one hundred feet . . . . "

In the early morning hours of 4 June 1973, witness Bandy again observed the defendant in what is generally described as a showup for approximately one minute. At the end of this observation period, the witness made a positive identification of the defendant as being the same person whom he had observed earlier in the evening. This identification took place approximately four hours after the events of 3 June 1973, and Bandy did not hesitate in his identification of defendant, nor did he identify any other person as being a probable suspect.

Based upon these findings, the trial court concluded that the in-court identification of defendant by the witness Bandy was of independent origin and not the result of an impermissibly suggestive out of court confrontation.

We turn, then, to the central question: whether, under the factual circumstances of this case, the identification was reliable

notwithstanding the confrontation procedure employed by the police. In *Neil v. Biggers,* 409 U.S. 188 (1972), the United States Supreme Court enumerated the factors to be considered in evaluating the likelihood of misidentification. These factors include: " . . . the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." *Neil v. Biggers, supra,* at 190. Applying these factors to the case at hand, we are of the opinion that the trial court's findings, which are binding on this court because they are supported by plenary competent evidence, *State v. Tuggle,* 284 N.C. 515, 201 S.E. 2d 884 (1973), are sufficient to support the conclusion that the identification was of independent origin.

[3]  As to the witness Wortham, the trial court concluded that her in-court identification was of independent origin, based on its findings that she had been in the presence of the defendant for approximately an hour and a half, and that during this time the witness had sufficient opportunity to observe the defendant. Furthermore, the trial court found "that the identification [of defendant by Wortham in the presence of the police] at the automobile on Kenney Street took place within less than one hour of her having departed from the automobile and that the identification took place within four hours of the events of the preceding evening." Again, these facts, which are supported by competent evidence, when considered in light of the standards set forth in *Neil v. Biggers, supra,* support the conclusion of the trial court that the identification was of independent origin.

[4]  Defendant, by his final assignment of error, contends that the trial court erred in denying his motion to allow him to see the report of the witness Bandy. This report was made and reduced to writing by the police, and defendant desired to see the report for purposes of cross-examination. The document complained of was not utilized or introduced in the trial and defendant's counsel made no written request for it prior to trial pursuant to G.S. 15-155.4. Furthermore, the record does not show that the report was material or that it was favorable to the defense, and to allow the defendant to now claim that the failure to produce the report was prejudicial is to embark upon

a voyage of speculation. This assignment of error is without merit and thus is overruled.

No error.

Judges BRITT and CARSON concur.